# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CURTIS ECKMAN, <br><br> Plaintiff, <br><br> vs. <br><br> JACKSON, et al., <br><br> Defendants. | ) 1:13cv01515 DLB PC <br> ) <br> ) <br> ) ORDER DENYING PLAINTIFF'S <br> ) PETITION FOR WRIT OF MANDATE <br> ) <br> ) (Document 9) <br> ) <br> ) <br> ) |

Plaintiff Tommy Curtis Eckman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 18, 2013. By separate order, the Court dismissed Plaintiff's complaint with leave to amend.[1]

On January 16, 2014, Plaintiff filed a Petition for Writ of Mandate. Plaintiff's writ was filed on a state appellate court form intended for use in criminal appeals. Nonetheless, it appears that Plaintiff requests that someone go out to the prison to take pictures of his back and investigate his medical file.

---

[1] On September 27, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

Regardless of the title of Plaintiff's request, he is not entitled to the relief he seeks. First and foremost, this Court does not have jurisdiction over individuals who are not parties to this action and cannot force an individual to act pursuant to Plaintiff's request.

To the extent that Plaintiff seeks to have the Court appoint a medical expert because he is proceeding in forma pauperis, the Court will not do so. There is no operative complaint at this time and therefore discovery has not opened. In any event, Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." However, Rule 35 does not contemplate authorizing Plaintiff to seek his own physical examination at government expense. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .") (citation and internal quotation marks omitted).

Finally, insofar as Plaintiff's petition can be construed as a petition for writ of mandamus directed prison staff, he is not entitled to the requested relief. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004)).

Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced. In addition to jurisdictional issues arising from Plaintiff's desire for a federal writ directed at state prison officials, see Cheney, 542 U.S. at 380 (section 1651(a) codified the common-law writ of mandamus against a lower court); Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff

cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, <u>Cheney</u>, 542 U.S. at 380-81.

  In this action, Plaintiff is challenging the conditions of his confinement. If Plaintiff prevails, he may be entitled to damages, or to equitable relief depending on the nature of his legal claims, but in no event is Plaintiff entitled to the issuance of a writ of mandamus.

  Accordingly, Plaintiff's petition is DENIED, with prejudice.

IT IS SO ORDERED.

  Dated: **February 3, 2014**       /s/ *Dennis L. Beck*
                   UNITED STATES MAGISTRATE JUDGE