1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CURTIS ECKMAN, | ) 1:13cv01515 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| vs. | ) WITH LEAVE TO AMEND |
| JACKSON, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

Plaintiff Tommy Curtis Eckman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 18, 2013. He names Dr. Jackson, Practitioner Brown, Practitioner Ogbuehi, Practitioner Tig Brown and Psychiatrist Joyce Brown as Defendants.[1]

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On September 27, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.  It is unclear where the events at issue occurred.

Plaintiff's complaint is brief.  He states that Defendant Jackson always comes up with excuses to not see him.  He explains that it is difficult to get proper medical treatment in prison,

and that on July 16, 2013, Defendant Jackson refused "any follow up without looking at the sores." Compl. 2.

Plaintiff further alleges that Defendant Ogbuehi scheduled a follow up in 60 days, but Plaintiff contends that his back will be scarred permanently. Plaintiff contends that the nurses refuse "any bandage or triple antibiotic ointment" despite Plaintiff's requests. He states that the sores get worse by the time he sees a doctor.

As for Defendant Brown, Plaintiff simply states that she is no longer at the prison.

Plaintiff attaches a single exhibit entitled, "Notification of Diagnostic Test Results." The notice indicates that the test results were essentially within normal limits and no physician follow up was required. The notice was signed by Defendant Jackson on July 16, 2013.

## C.   ANALYSIS

### 1.   Pleading Requirements

As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Moreover, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal

connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff's factual allegations are contained in one paragraph. Although he names numerous Defendants, he only discusses Defendants Jackson, Ogbuehi and Practitioner Brown. He fails to allege any facts against Defendants Tig Brown and Psychiatrist Brown. It is also unclear how Practitioner Brown is connected to the violations at issue given Plaintiff's statement that she is no longer at the prison. Therefore, as to Defendants Tig Brown, Psychiatrist Brown and Practitioner Brown, Plaintiff fails to allege sufficient facts to link them to any alleged. violation. "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the .... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted) (emphasis added).

Plaintiff will be allowed to amend his complaint pursuant to the standards set forth below.

2.      Eighth Amendment Deliberate Indifference

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than

ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In his complaint, Plaintiff appears to fault Defendant Jackson for refusing a follow up appointment after the July 16, 2013, notice of normal test results. He also believes that Defendant Brown is at fault for refusing bandages and antibiotic ointment.

These allegations, however, are insufficient to state a claim under the Eighth Amendment. Plaintiff provides no facts to determine whether Defendants were deliberately indifferent to a serious medical need.

Moreover, to the extent that Plaintiff simply disagrees with the treatment provided by Defendant Jackson or Defendant Brown's, his disagreement does not state an Eighth Amendment claim. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

With these standards in mind, Plaintiff will be permitted to amend his complaint.

D.     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. **The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above**. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of

this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:    **February 3, 2014**                    /s/ *Dennis L. Beck*

                                                     UNITED STATES MAGISTRATE JUDGE

6