1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CURTIS ECKMAN, | ) 1:13cv01515 DLB PC<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>)<br>) |
| Plaintiff, | |
| vs. | |
| JACKSON, et al., | |
| Defendants. | |

Plaintiff Tommy Curtis Eckman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 18, 2013. The Court screened Plaintiff's complaint on February 3, 2014, and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2014. Plaintiff names Dr. Jackson, P.A. Ogbuehi, R.N. Powell, N.P. Tiggs-Brown, Psychiatrist Brown and Does 1-10 as Defendants.[1]

## A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On September 27, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

2  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

4  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

5  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.

6  § 1915(e)(2)(B)(ii).

7          A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

11  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

12  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting

13  Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are

14  not.  Id.

15          To state a claim, Plaintiff must demonstrate that each defendant personally participated in

16  the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations

17  sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

18  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

19  meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

20  **B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

21          Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in

22  Corcoran, California.  It is unclear where the events at issue occurred.

23          Plaintiff's complaint is brief and without much detail.  Plaintiff alleges that Defendant

24  Jackson refuses to see him for follow-up care even though the injury at issue still exists.  He

25  states that all other health care staff who he has asked for help have refused to treat his condition

26

27

28

2

"without an order from the Primary Care Provider/PCP, whom just happens to be Dr. J. Jackson."  ECF No. 13, at 4.

Plaintiff alleges that he has asked for bandages and antibiotic ointment on numerous occasions, but Defendants have ignored or refused all requests.  Plaintiff states that all Defendants were informed of Plaintiff's open sores/wounds to his left back and shoulder, and were also shown the injury.

Plaintiff states that his sores were ignored until a correctional officer noticed bloody circles on his t-shirt.  Plaintiff was then provided bandages and received short-lived daily dressing changes.  He alleges that the dressing changes did not include any cleansing of the wounds.

Plaintiff alleges that these actions were deliberately indifferent to his medical needs.

C.      ANALYSIS

1.      Pleading Requirements

As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Moreover, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability

1  may not be imposed under a theory of respondeat superior, and there must exist some causal

2  connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556

3  U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th

4  Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v.

5  Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202,

6  1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

7        Here, Plaintiff alleges facts only against Defendant Jackson and therefore he only links

8  Defendant Jackson to an alleged constitutional violation.  As to the remaining Defendants,

9  Plaintiff simply groups them together and states that they were aware of his injury and failed to

10  treat him.  Recitation of the elements of a cause of action, supported by mere conclusory

11  statements, does not suffice to state a claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12        This deficiency was explained to Plaintiff in the prior screening order and he has failed to

13  correct this deficiency as to Defendants Ogbuehi, Powell, Tiggs-Brown, Brown and Does 1-10.

14        2.      Eighth Amendment Deliberate Indifference

15        For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show

16  (1) a serious medical need by demonstrating that failure to treat [his] condition could result in

17  further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the

18  defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d

19  1113, 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference

20  is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical

21  need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d

22  at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than

23  ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and

24  quotation marks omitted); Wilhelm, 680 F.3d at 1122.

25

26

27

28

Plaintiff alleges that Defendant Jackson refused to see him for follow-up care, even though his injury was not resolved.  He alleges that all Defendants, and therefore presumably Defendant Jackson, knew of his injury and had seen his injury.  However, all of his requests for bandages and antibiotic ointment were either refused or ignored.

While Plaintiff may ultimately be able to state an Eighth Amendment claim against Defendant Jackson, the FAC does not contain sufficient detail to adequately explain his claim.  For example, Plaintiff does not state where the incident occurred or when the incident occurred.  He also fails to allege facts specific to his treatment with Defendant Jackson, such as when he saw Defendant Jackson, or when Defendant Jackson refused to treat him and why.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.  Plaintiff fails to meet this standard.

The prior screening order indicated that Plaintiff would be afforded one opportunity to amend.  With respect to all Defendants other than Defendant Jackson, Plaintiff has failed to link them in any way to an alleged constitutional violation and he will not be permitted to amend again.  However, as it appears that Plaintiff is now focused on Defendant Jackson and may be able to state a claim if he provides sufficient additional detail, Plaintiff will be permitted to amend his Eighth Amendment claim as to Defendant Jackson **only**.

1

**D.     CONCLUSION AND ORDER**

2

Plaintiff's complaint fails to state a claim under section 1983.  **The Court will provide**

3

**Plaintiff with a final opportunity to file an amended complaint against Defendant Jackson,**

4

**if he believes in good faith he can cure the deficiency identified above**.  Lopez v. Smith, 203

5

F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

6

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

7

complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

8

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

10

129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

11

raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations

12

omitted).

13

Further, Plaintiff is notified that his amended complaint supersedes the original

14

complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it

15

must be "complete in itself without reference to the prior or superseded pleading," Local Rule

16

220.

17

Based on the foregoing, it is HEREBY ORDERED that:

18

1.      The Clerk's Office shall send Plaintiff a complaint form;

19

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief

20

may be granted under section 1983;

21

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an

22

amended complaint; and

23

24

25

26

27

28

1        4.     <u>If Plaintiff fails to file an amended complaint in compliance with this order, this

2 action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

3

4 IT IS SO ORDERED.

5
     Dated:    **September 2, 2014**          /s/ *Dennis L. Beck*

6                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28