# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CURTIS ECKMAN, | ) 1:13cv01515 DLB PC |
| Plaintiff, | ) ORDER FINDING COGNIZABLE CLAIM AND DISMISSING REMAINING CLAIM AND DEFENDANTS |
| vs. | ) |
| JACKSON, et al., | ) |
| Defendants. | ) |

Plaintiff Tommy Curtis Eckman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 18, 2013.[1] The Court screened Plaintiff's complaint on February 3, 2014, and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2014. The Court dismissed the FAC on September 20, 2015, and granted Plaintiff leave to amend only his Eighth Amendment claim against Dr. Jackson.

Plaintiff filed his Second Amended Complaint ("SAC") on November 7, 2014. However, in addition to Defendant Jackson, Plaintiff also names R.N. Powell, R.N. Stronach and L.V.N. Does 1-5 as Defendants.

---

[1] On September 27, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

A.    **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B. **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that on or about June 23, 2013, Correctional Officer Lopez noticed blood on the back of his t-shirt and instructed Plaintiff to report to the D Facility Medical Clinic to have the wound cleansed and bandaged.

On that day, and numerous days thereafter, Plaintiff reported to clinic to have the wound cleaned and bandaged, to no avail. Plaintiff was repeatedly told that he needed to see the doctor first and sent back to his cell without any medical care.

From August 8 through August 13, 2013, Plaintiff saw Defendant Jackson, who asked why Plaintiff had not been using the cream. ECF No. 20, at 3. Plaintiff said that he was using the cream, but that it was not working. Plaintiff explained that it was difficult to reach the affected area and asked for an order for daily cleansing and bandaging by the nursing staff. Defendant Jackson agreed and told Plaintiff that he would write the order to begin the next day. However, Plaintiff alleges that "no such care was ever given." ECF No. 20, at 3.

On October 30, 2013, Plaintiff returned to Defendant Jackson. Defendant Jackson again stated that an order would be written for daily cleaning and bandaging, to begin the next day. Plaintiff asked how he could be certain that nursing staff would follow the order and was told that he would need to utilize the health care appeals process to ensure that staff followed the order. Plaintiff alleges that "no such care was ever given." ECF No. 20, at 3.

On numerous occasions thereafter, Plaintiff attempted to obtain cleansing and bandaging at every health care appointment and/or medication release. However, he was denied every time and was told that "there is no Dr.'s order for what you expect us to do." ECF No. 20, at 3. Plaintiff did not receive any care. On each attempt, the "relevant" nursing staff threatened to place Plaintiff in a holding care for disruptive behavior. ECF No. 20, at 4.

On March 3, 2014,[2] Plaintiff was called to the clinic and received a cursory look and a wipe with an alcohol pad. He was given instructions to keep it clean and "quit rolling around in the dirt." ECF No. 20, at 4. Plaintiff states that until the filing of this complaint, this was the only care he received.

Plaintiff alleges that he used health care request forms, verbal communication and health care appeals to receive care, but he was unsuccessful. Plaintiff was given creams on many occasions, but the creams failed to provide any relief and seemed to make the wound grow and burn. He states that the wound was as large as 20 inches from left to right and 15 inches from top to bottom.

Plaintiff states that he continues to suffer pain and severe burning sensations, as well as scarring and disfigurement, but he continues to be treated with creams and salves that do not resolve either the openness of the wound or scarring. The creams only inflame the wound. He contends that Defendants were aware of his injury and the lack of treatment, but failed to remedy the situation.

Based on these allegations, Plaintiff alleges violations of the Eighth Amendment.

**C.   ANALYSIS**

   1.   Eighth Amendment Deliberate Indifference

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d

---

[2] Plaintiff states "March 3, 2013." However, as Plaintiff alleges that the issue did not start until June 2013, it appears that this is a typographical error. The Court will assume that Plaintiff meant March 3, 2014.

at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that Defendant Jackson failed to write an order for daily bandage changes and continued to treat him with creams that were not working. He alleges that Defendant Jackson knew of these issues but allowed them to continue and worsen. At the pleading stage, the Court finds that these allegations are sufficient to state an Eighth Amendment deliberate indifference claim against Defendant Jackson.[3]

Finally, Plaintiff does not specifically discuss Defendants Powell or Stronach in his factual allegations, and his vague references to a failure to treat do not state a claim. Recitation of the elements of a cause of action, supported by mere conclusory statements, does not suffice to state a claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Insofar as he attempts to state a claim against Defendants Powell or Stronach because they sent him back to his cell, or threatened to put him in a holding cell for being disruptive, he cannot do so.[4] These facts do not demonstrate that Defendants Powell or Stronach acted with deliberate indifference and he fails to state a claim against them.

2.      Eighth Amendment- Conditions of Confinement

Plaintiff contends that Defendants allowed him to needlessly suffer pain, scarring and disfigurement. Plaintiff's allegations, however, are medical in nature and are covered by the standards above.

///

///

///

---

[3] Plaintiff will be instructed on service by separate order.

[4] These allegations are made against the "relevant nursing staff."

5

D. **CONCLUSION AND ORDER**

Based on the above, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Jackson.  He does not state any further claims and Defendants Powell and Stronach are therefore DISMISSED.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                                   /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE