UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CURSIS ECKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JACKSON,<br><br>        Defendant. | No.  1:13-CV-01515 DLB PC<br><br>NOTICE OF THIS COURT'S EXPEDITED TRIAL SETTING PROCEDURES UPON CONSENT OF ALL PARTIES |

    Due to the extraordinarily high case load of the district court judges in this district, trials in civil rights actions concerning prison conditions are often conducted by United States Magistrate Judges with the consent of all the parties.  A trial conducted by a magistrate judge is far more likely to proceed on a scheduled trial date.  Presently, when a civil trial is set before a district judge, any criminal trial which conflicts with the civil trial will take priority, even if the civil trial date was set first.  Thus, a civil trial set before a district judge is often trailed day to day or week to week until the completion of the matter occupying the district court.  Consenting to the jurisdiction of a magistrate judge for all purposes will generally expedite the resolution of an action.

    The parties are therefore reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action.  A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

If all parties in this action consent to the jurisdiction of a United States Magistrate Judge, this Court will immediately schedule a trial setting hearing. The Court will proceed as follows at the trial setting hearing:

1. Set the matter for trial on a date certain before this Court. Generally, the trial date will be scheduled for a date approximately six months after the deadline for the filing of dispositive motions;[1] and

2. By agreement of the parties, vacate any previously set deadlines, such as dispositive motion deadlines, if the parties stipulate that such deadlines are unnecessary and the parties desire to proceed to trial expeditiously after the closing of the discovery deadlines.

Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the trial just as any other civil case which comes before the Court. Withholding consent or declining jurisdiction of a United States Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences.[2] A party may also consent to magistrate judge jurisdiction at any time, even if the party has previously declined such jurisdiction.

IT IS SO ORDERED.

Dated:   **December 2, 2015**                    /s/ *Dennis L. Beck*
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] See Court's Discovery and Scheduling Order for dispositive motion deadlines. Setting a trial date approximately six months after the deadline affords a period for a response/reply to the dispositive motion, and consideration of the motion by the court; if claims remain after a decision on the dispositive motion, a schedule will be set for motions in limine, pre-trial statements, motions for incarcerated witnesses, and motions for payment of unincarcerated witness fees, all prior to the first day of trial.

[2] Even if the parties decline consent, under Local Rule 302 the assigned magistrate judge will still conduct a number of pretrial matters.