UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CURSIS ECKMAN,<br><br>             Plaintiff,<br><br>      v.<br><br>JACKSON,<br><br>             Defendant. | No.  1:13-cv-01515 DLB PC<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION TO AMEND<br>(Document 39)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO WITHDRAW MAGISTRATE JUDGE JURISDICTION<br>(Document 38) |

   Plaintiff Tommy Curtis Eckman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  This action is proceeding on Plaintiff's Second Amended Complaint against Defendant Jackson, and it is currently in discovery.

   Both parties have consented to the jurisdiction of the United States Magistrate Judge.

   On April 7, 2016, Plaintiff filed a form in which he declines Magistrate Judge jurisdiction.

   On April 14, 2016, he filed a document entitled, "Motion Amended Pleadings."  Although Plaintiff references the deadline for amending as set forth in the Discovery and Scheduling Order, it does not appear to be a motion for leave to file an amended complaint.  Rather, Plaintiff states that he is "answering the amended pleading" and "declar[ing] only one amended issue," which is a proposed settlement offer in the amount of $17,000.00.  Alternatively, Plaintiff requests that this action proceed to trial, "not by Magistrate Judge Beck solely."  ECF No. 39, at 1.

1. <u>Motion to Amend</u>

As Plaintiff's motion is not a request for leave to file an amended complaint, his motion is DISREGARED. To the extent that he wishes to make a settlement offer, such offers should be made directly to Defendant.

2. <u>Withdrawal of Consent</u>

Although "[t]he right to adjudication before an Article III judge is an important constitutional right .... this right, like other fundamental rights, can be waived" pursuant to the consent of the parties under 28 U.S.C. § 636(c). *United States v. Neville*, 985 F.2d 992, 999 (9th Cir.1993) (citations omitted); *Dixon v. Ylst*, 990 F.2d 478, 479-80 (9th Cir.1993). "There is no absolute right to withdraw consent once granted." *Neville*, 985 F.2d at 999; *Dixon*, 990 F.2d at 479-80. Rather, a request to withdraw consent will be granted only upon a showing of good cause or extraordinary circumstances. See 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection"). These requirements are strictly construed. *Montano v. Solomon*, 2010 WL 2403389, *1-2 (E.D.Cal. 2010), *citing Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.,* 53 F.3d 851, 852 (7th Cir.1995).

Plaintiff has not made such a showing and his request is therefore DENIED. This action shall remain assigned to the United States Magistrate Judge.

IT IS SO ORDERED.

Dated:   **April 19, 2016**             **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

2